## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| WALKER EDISON HOLDCO LLC, et al.,[1] | : | Case No. 25-11602 (TMH) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | **D.I. 18, 19, 25, and 41** |

**PRELIMINARY AND LIMITED OBJECTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS'
MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 363, 364, 365 AND 541 OF
THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 6004, 6006 AND 9007 AND
DEL. BANKR. L.R. 2002-1 AND 6004-1 (A) APPROVING BID PROCEDURES FOR
THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B)
APPROVING THE DEBTORS' ENTRY INTO STALKING HORSE AGREEMENT
AND RELATED BID PROTECTIONS; (C) APPROVING PROCEDURES FOR THE
ASSUMPTION AND ASSIGNMENT OR REJECTION OF DESIGNATED
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) SCHEDULING AN
AUCTION AND SALE HEARING; (E) APPROVING FORMS AND MANNER OF
NOTICE OF RESPECTIVE DATES, TIMES, AND PLACES IN CONNECTION
THEREWITH; AND (F) GRANTING RELATED RELIEF**

The official committee of unsecured creditors (the "<u>Committee</u>"), by and through its

proposed counsel, hereby files a preliminary and limited objection to the motion of the above-

captioned debtors (the "<u>Debtors</u>") for an *Order Pursuant to Sections 105, 363, 364, 365 and 541*

*of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-*

*1 and 6004-1 (A) Approving Bid Procedures for the Sale of Substantially All of the Debtors' Assets;*

*(B) Approving the Debtors' Entry Into Stalking Horse Agreement and Related Bid Protections (C)*

*Approving Procedures for the Assumption and Assignment or Rejection of Designated Executory*

*Contracts and Unexpired Leases; (D) Scheduling an Auction and Sale Hearing; (E) Approving*

*Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith;*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Walker Edison Holdco LLC (8817); Walker Edison Intermediate, LLC (3363); Walker Edison Furniture Company LLC (6576); and EW Furniture, LLC (6288). The Debtors' mailing address is 1553 W 9000 S, West Jordan, UT 84088.

*and (F) Granting Related Relief; (II) an Order (A) Approving the Sale of the Debtors' Assets Free and Clear of Claims, Liens, and Encumbrances; and (B) Approving the Assumption and Assignment of Designated Executory Contracts and Unexpired Leases; and (III) Certain Related Relief* [Docket No. 18] (the "Sale Motion"), and in support of its preliminary and limited objection, the Committee states as follows:

## BACKGROUND

1.    The Debtors each filed voluntary bankruptcy petitions on August 28, 2025 (the "Petition Date") and substantially contemporaneously with the filing of the petitions, the Debtors filed the Motion, by and through which the Debtors seek, among other things, approval of certain bidding procedures for the sale of substantially all of the Debtors assets less than a month after the Petition Date.

2.    Specifically, by and through the Sale Motion, the Debtors seek a deadline for the submission of bids by September 22, 2025, an auction on September 24, 2025, and a hearing to approve the sale on September 26, 2025.  A hearing to consider the Sale Motion is scheduled for September 15, 2025.

3.    On September 10, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed a five-member committee of unsecured creditors.  Of the five members, two are based in Vietnam, two in Brazil, and one in China.

4.    On September 11, 2025, the Committee selected counsel and on September 12, 2025, the Committee selected a financial advisor.  The Debtors have graciously agreed to extend the Committee's deadline to object to the Sale Motion through and including September 14, 2025.

5.    Even with the extension granted by the Debtors, the Committee members and its proposed professionals are getting up to speed.  The Committee understands that the sale process

2

for the sale of the Debtors assets may have started more than three months before the cases filed, and the Committee and their professionals are committed to working with the Debtors, the secured lenders, the proposed stalking horse bidder and all other parties for a process designed to quickly but efficiently maximize the value of the estates for the benefit of creditors.

6.      The Committee believes that there is an issue with the request for the superpriority expense sought for the proposed stalking horse for break up fee and expense reimbursement. Further, whether they are the superpriority expenses or not, it is appropriate that the Debtors, the Committee, and U.S. Trustee have an opportunity to review and object to such expenses, if allowed.

7.      Otherwise, at this point, the Committee has seen nothing to disturb the proposed schedule requested by the Sale Motion, but given the timing of the Committee appointment, and the timing of proposed retention of the Committee professionals, the Committee does not yet know what it does not know.  And that's a problem.

8.      The Committee has a fiduciary obligation to all creditors, and that includes duties of care and good faith.  The Committee cannot reasonably be expected to discharge their fiduciary obligations less than one business day after their professionals were initially retained, particularly where, as here, the members span the globe making the timing of communications between the Committee members and the professionals less than optimal.

9.      The Court has scheduled a second day hearing for September 23, 2025.  In order to permit the Committee and their proposed professionals to familiarize themselves with the underlying facts of the case, including the universe of assets to be sold, and the universe of assets to be left behind, the liabilities to be assumed, the parties that the Debtors previously solicited in connection with the proposed sale, the remaining potentially interested purchasers, and such other

and further facts relevant to the sale process, the Committee respectfully requests that the hearing

to consider the bid procedures be continued until then without prejudice, and preserving all parties

rights, including the right of the Committee to raise such other additional arguments as it believes

appropriate.

Dated: September 14, 2025

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Christopher M. Donnelly (DE Bar No. 7149)
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
Telephone: (302) 888-6800
Email:  jwaxman@morrisjames.com
         emonzo@morrisjames.com
         cdonnelly@morrisjames.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

17528742/1