**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>WALKER EDISON HOLDCO, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11602 (TMH)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>November 12, 2025, at 11:00 a.m. (ET)<br><br>**Objection Deadline:**<br>November 5, 2025, at 4:00 p.m. (ET)<br><br>Re: D.I. 286 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING
THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN
INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO
ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND
PLAN; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION
PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING
A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF
DISCLOSURES IN, AND CONFIRMATION OF, THE COMBINED DISCLOSURE
STATEMENT AND PLAN; (VI) APPROVING THE FORM OF COMBINED
HEARING NOTICE, AND (VII) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move (the "Motion") as follows:

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Interim Approval and Procedures Order"):

    a. approving the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Walker Edison Holdco LLC and its Debtor Affiliates* (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Walker Edison Holdco LLC (8817); Walker Edison Intermediate, LLC (3363); Walker Edison Furniture Company LLC (6576); and EW Furniture, LLC (6288). The Debtors' mailing address is 1553 W 9000 S, West Jordan, UT 84088.

"Combined Disclosure Statement and Plan" or "Plan")[2] on an interim basis and for solicitation purposes only;

b. establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as set forth in **Exhibit 1** to the Interim Approval and Procedures Order;

c. approving the form of ballot and solicitation packages;

d. establishing the voting record date of **November 6, 2025, at 11:59 p.m. (prevailing Eastern Time)** (the "Voting Record Date");

e. scheduling a final, combined hearing to consider (i) final approval of the adequacy of information in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and (ii) confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code (the "Combined Hearing");

f. approving the form and manner of notice of the Combined Hearing; and

g. granting related relief.

2. The Debtors propose the following deadlines related to the solicitation and confirmation of the Combined Disclosure Statement and Plan:

| **Proposed Timetable** | |
|---|---|
| **Event** | **Date** |
| Voting Record Date | November 6, 2025, at 11:59 p.m. (ET) |
| Solicitation Deadline | Three (3) business days after entry of the Interim Approval and Procedures Order, or as soon as reasonably practicable thereafter |
| Deadline to File Rule 3018 Motions | December 3, 2025, at 4:00 p.m. (ET) |
| Plan Supplement Deadline[3] | December 3, 2025, at 11:59 p.m. (ET) |

---

[2] Capitalized terms used but not defined herein are defined in the Combined Disclosure Statement and Plan.

[3] The Debtors are complying with Local Rule 3016-3 in proposing to file the Plan Supplement seven (7) days before the Voting Deadline and the confirmation objection deadline, which are both scheduled for the same date and time, notwithstanding Local Rule 3017-2(v)'s provision requiring the voting deadline to be "at least 10 days before the joint hearing," which would otherwise require the filing of the Plan Supplement seventeen (17) days

| | |
|---|---|
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosure Statement | December 10, 2025, at 4:00 p.m. (ET) |
| Voting Deadline | December 10, 2025, at 4:00 p.m. (ET) |
| Deadline to Object to Rule 3018 Motions | December 15, 2025, at 12:00 p.m. (ET) |
| Deadline to File Reply in Support of Confirmation and Final Approval of Adequacy of Disclosure Statement; Proposed Confirmation Order; and/or Declarations in Support of Confirmation[4] | December 15, 2025, at 12:00 p.m. (ET) |
| Combined Hearing | December 17, 2025, at 10:00 a.m. (ET) |

3. The related exhibits annexed to the Interim Approval and Procedures Order and cited throughout this Motion are as follows:

| **Exhibit** | **Number** |
|---|---|
| Tabulation Procedures | **Exhibit 1** |
| Combined Hearing Notice | **Exhibit 2** |
| Ballot | **Exhibit 3** |
| Notice of Non-Voting Status | **Exhibit 4** |
| Opt-Out Election Form | **Exhibit 5** |
| Publication Notice | **Exhibit 6** |

---

before the Combined Hearing as opposed to fourteen (14) days before the Combined Hearing under Local Rule 3016-3. The Debtors request leave to set the Voting Deadline for the same day and time as the confirmation objection deadline, which would otherwise be permissible under the typical confirmation timeline under Local Rule 3016-3. The Debtors are only proceeding under the expedited confirmation timeline under Local Rule 3017-2 in the interests of proceeding as efficiently as possible to a case conclusion for the benefit of the estates and in the interests of all creditors and interested parties.

[4] The Court's chambers procedures provide that "[e]xcept as may otherwise be ordered, any proposed order confirming a plan, any brief in support of plan confirmation, and any other document or pleading that a plan proponent may wish to have considered at or in connection with a plan confirmation hearing must be filed and served by no later than 4:00 p.m. (Eastern time) three business days before the plan confirmation hearing." The Debtors respectfully request leave to file papers in support of the plan confirmation at or before the time to file the hearing agenda or two business days before the hearing, in light of the expedited nature of the confirmation timeline and under the facts and circumstances of these cases.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtors consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. The statutory bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by rules 2002(b), 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3017-2.

**BACKGROUND**

**A. General Background**

7. On August 28, 2025 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

8. On September 10, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") in these cases (D.I. 81).

9. Additional detail regarding the Debtors, their businesses and the events leading to the commencement of these cases is set forth in the *Declaration of Nate Brown in Support of Chapter 11 Petitions and First Day Relief* (D.I. 2) (the "First Day Declaration"), incorporated herein by reference.

**B.    The Combined Disclosure Statement and Plan**

10. The Debtors have filed the Combined Disclosure Statement and Plan contemporaneously herewith. The Combined Disclosure Statement and Plan is a liquidating plan combined with the Debtors' disclosure statement pursuant to Local Rule 3017-2. The Debtors propose the Combined Disclosure Statement and Plan because they believe that it provides the most efficient means to conclude these chapter 11 cases.

## BASIS FOR RELIEF

**A.    Request for Interim Approval of the Combined Disclosure Statement and Plan for Solicitation Purposes**

11. Section 1125 of the Bankruptcy Code requires that a disclosure statement approved by the court contain "adequate information" prior to a debtor's solicitation of acceptances or rejections of a chapter 11 plan. 11 U.S.C. § 1125(b). Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an

informed decision regarding whether to vote for the plan. *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."). It must, as a whole, provide information that is sufficiently detailed, so far as reasonably practicable, to permit an informed judgment by impaired creditors entitled to vote on the plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 322 (3d Cir. 2003); *In re Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996); *see also In re Autobacs Strauss, Inc.*, 473 B.R. 525, 584 (Bankr. D. Del. 2012). Essentially, the Combined Disclosure Statement and Plan "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

12.  "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 330 (Bankr. E.D. Pa. 1987) (noting that the adequate information standard "is flexible on a case-by-case basis, [and] governs the disclosure that must be provided in all reorganization cases, whether involving a public or private corporation, or a partnership or an individual debtor.").

13.  Courts within the Third Circuit acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g.*, *In re Monroe Well Serv., Inc.*, 80 B.R. at 330 ("It is clear that Congress intended for bankruptcy judges to exercise a great deal of

discretion when considering the 'adequacy of information' provided by a disclosure statement."); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("The general language of the statute and its surrounding legislative history make clear that '[t]he determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.'"); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("Case law points out that [the adequate information standard] is an intentionally flexible standard as adequacy is determined on a case-by-case basis.").

14. The Combined Disclosure Statement and Plan provides "adequate information" to allow Holders of Claims in the Voting Classes (as defined below) to make informed decisions about whether to vote to accept or reject the Plan, including:

    a. ***The Debtors' Corporate History, Structure, and Business Overview***. An overview of the Debtors' corporate history, business operations, and capital structure, which are described in Article III of the Combined Disclosure Statement and Plan;

    b. ***Events Leading to the Chapter 11 Filings***. An overview of the events leading to the commencement of the Debtors' chapter 11 cases, which are described in detail in Section 3.2 of the Combined Disclosure Statement and Plan;

    c. ***Financial Information***. Certain projected financial information concerning outstanding claims and the result of the Debtors' sale of assets, as described in Section 3.3 of the Combined Disclosure Statement and Plan;

    d. ***Classification, Treatment, and Distribution Information***. A summary of the classification and treatment of all classes of creditors and equity interests, as well as provisions governing distributions under the Combined Disclosure Statement and Plan, which are described in Articles II, VI, and VII of the Combined Disclosure Statement and Plan;

    e. ***Risk Factors***. Certain risks associated with the forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Combined Disclosure Statement and Plan, which are described in Article V of the Combined Disclosure Statement and Plan;

    f. ***Solicitation and Voting Procedures***. A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan, which

        are described in the preamble and Article IV of the Combined Disclosure Statement and Plan;

   g.   **Confirmation of the Plan**. Procedures and statutory requirements for confirmation and Consummation of the Plan, which are described in Section 4.1 and 4.3 of the Combined Disclosure Statement and Plan;

   h.   **Certain United States Federal Income Tax Consequences of the Plan**. A description and disclaimer regarding U.S. Federal income tax law consequences of the Combined Disclosure Statement and Plan, as set forth in Section 5.8 of the Plan; and

   i.   **Liquidation Analysis**. A comparison to a hypothetical liquidation under chapter 7 of the Bankruptcy Code and a best interests analysis, as described in Section 4.8 and Exhibit A of the Combined Disclosure Statement and Plan.

*See In re Monroe Well Serv.*, 80 B.R. at 330 ("The legislative history surrounding the passage of § 1125 not only clearly sets forth its purpose but also emphasizes that the adequacy of disclosure is dependent upon various factors including: the size and complexity of the chapter 11 case, the type of plan proposed, the type of creditors and claims impaired by the proposed plan, and the access by impaired creditors to relevant information from other sources."). Notably, disclosure regarding all conceivable topics is not necessary in every case. *See In re Phoenix Petroleum Co.*, 278 B.R. at 393 ("[I]t is also well understood that certain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

      15.    The Debtors respectfully submit that the Combined Disclosure Statement and Plan complies with section 1125 of the Bankruptcy Code. However, through this Motion the Debtors seek only interim approval of the Combined Disclosure Statement and Plan for solicitation purposes. At the Combined Hearing, the Debtors will demonstrate on a final basis that the information set forth therein contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

**B.      Approval of Combined Hearing Notice, Objection Deadline and Combined Hearing.**

16.     Bankruptcy Rule 3017(c) provides that, on or before the approval of a disclosure statement, a court "may set a date for a confirmation hearing." Section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." *See* 11 U.S.C. § 105(d)(2)(B)(vi).  Local Rule 3017-2(b)(i) provides that a plan proponent may file a motion requesting, as applicable, "(A) authority to combine the plan and disclosure statement into a single document; (B) interim disclosure statement approval; (C) approval of solicitation procedures; and (D) scheduling a joint hearing to consider final approval of the adequacy of the disclosure statement and confirmation of the proposed plan." Del. Bankr. L.R. 3017-2(b)(i).  Pursuant to this authority, courts in this jurisdiction have held combined hearings for approval of disclosure statements and confirmation of plans in chapter 11 cases like the one proposed here.

17.     Accordingly, the Debtors respectfully request that a combined hearing on final approval, including final approval of the adequacy of the disclosures contained therein, and confirmation of the Combined Disclosure Statement and Plan be set for **December 17, 2025, at 10:00 a.m. (prevailing Eastern Time)**.  The Debtors submit that a combined hearing will streamline and expedite the confirmation process, which will inure directly to benefit all stakeholders by hastening the implementation of the Combined Disclosure Statement and Plan and limiting the amount of time the Debtors remain in chapter 11.  The Combined Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

18. In the interests of orderly procedure, the Debtors further request that objections to final approval and confirmation of the Combined Disclosure Statement and Plan, if any, shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Court and served upon the Notice Parties,[5] in each case, so that they are received by **December 10, 2025, at 4:00 p.m. (prevailing Eastern Time)**. The Debtors and any party supporting final approval and confirmation of the Combined Disclosure Statement and Plan may, in their discretion, file a reply to any such objections and/or declaration(s) in support of the Combined Disclosure Statement and Plan no later than **December 15, 2025, at 12:00 p.m. (prevailing Eastern Time)** (the "Reply Deadline"). If the Combined Hearing is adjourned, the Debtors request that the Reply Deadline be adjourned accordingly to 12:00 p.m. (prevailing Eastern Time) two days before the Combined Hearing.

19. All Holders of Claims will be served with a notice substantially in the form attached to the Interim Approval and Procedures Order as **Exhibit 2** (the "Combined Hearing Notice") by the Solicitation Deadline. In addition, the Voting Classes will receive a Solicitation Package (as defined below), including an appropriate Ballot (as defined below), the Non-Voting Classes (as defined below) will receive a Notice of Non-Voting Status (as defined below), and Holders of Claims in Classes 1 and 2 will receive an Opt-Out Election Form (as defined below). Further, the Debtors propose to also serve the Combined Hearing Notice on (a) the U.S. Trustee,

---

[5] "Notice Parties" means (a) counsel for the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr. (rdehney@morrisnichols.com), Donna L. Culver (dculver@morrisnichols.com), Daniel B. Butz (dbutz@morrisnichols.com), Scott D. Jones (sjones@morrisnichols.com), and Jonathan M. Weyand (jweyand@morrisnichols.com); (b) counsel to the DIP Lender, Whiteford, Taylor & Preston LLP, 3190 Fairview Park Drive, Suite 800, Falls Church VA 22042 (Attn: David Gaffey (DGaffey@whitefordlaw.com) and Brandy M. Rapp (BRapp@whitefordlaw.com)); (c) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Malcolm M. Bates, Esq. (malcolm.m.bates@usdoj.gov)); and (d) proposed counsel to the Committee, Morris James LLP, 3205 Avenue North Blvd, Suite 100, Wilmington, DE 19803, Attn: Jeffrey Waxman (jwaxman@morrisjames.com) and Eric Monzo (emonzo@morrisjames.com).

(b) all entities that are party to executory contracts and unexpired leases with the Debtors, (c) all entities that are party to litigation with the Debtors, (d) all current and former (within the past year prior to the Petition Date) employees, directors and officers (to the extent that contact information for former employees, directors and officers is available in the Debtors' records), (e) all regulatory authorities that regulate the Debtors' business, (f) the taxing authorities for the jurisdictions in which the Debtors maintain or conduct or maintained/conducted business or registered as a business entity within one year prior to the Petition Date, and (g) all parties who filed a request for service of notices under Bankruptcy Rule 2002.

20. Pursuant to Local Rule 3017-2(b)(iv), the Debtors certify that the notice of the deadline to object to final approval of the adequacy of the Combined Disclosure Statement and Plan will comply with Bankruptcy Rule 2002(b), and the proposed date for the Combined Hearing is not less than seven (7) days after such objection deadline.

## Proposed Solicitation and Tabulation Procedures

**A.  Tabulation Procedures**

21. The Debtors propose that the procedures set forth on **Exhibit 1** to the Interim Approval and Procedures Order be utilized in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "Tabulation Procedures"). The Tabulation Procedures will be included in the Solicitation Packages.

**B.  Approval of Form of Ballot, Notice of Non-Voting Status, Combined Hearing Notice, and Publication Notice**

22. Pursuant to the Combined Disclosure Statement and Plan, the Debtors have established five separate Classes of Claims or Interests. A table listing each such Class follows:

| Class | Designation | Impairment | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition Term Loan Claims | Impaired | Entitled to Vote |

| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Equity Interests | Impaired | Deemed to Reject |

*(i)     Form of Ballot*

23.     In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose to mail to the Holders of Claims (the "Claimholders") entitled to vote on the Combined Disclosure Statement and Plan the form ballot attached to the Interim Approval and Procedures Order as **Exhibit 3**, incorporated herein by reference (the "Ballot").  The Ballot is substantially similar to Official Form No. 314 but has been modified to be consistent with the specific provisions of the Combined Disclosure Statement and Plan and the facts of these chapter 11 cases.  The instructions for completion of the Ballot are included in each Ballot.  The Debtors propose that the appropriate form of Ballot be distributed to the Claimholders in Class 3 (Prepetition Term Loan Claims) and Class 4 (General Unsecured Claims) (the "Voting Classes").

24.     The Debtors respectfully submit that the proposed Ballot is appropriately tailored to the Combined Disclosure Statement and Plan and complies with Bankruptcy Rules 3017 and 3018.  Accordingly, by this Motion, the Debtors request that the Court approve the proposed Ballot.

*(ii)    Notice of Non-Voting Status*

25.     The Voting Classes are the only classes entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan.  Claimholders in Classes 1 (Other Priority Claims) and 2 (Other Secured Claims) (the "Unimpaired Classes") are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code and Interest Holders in Class 5 (Equity Interests) (together with the Unimpaired Classes, the "Non-Voting Classes") are conclusively presumed to have

rejected the Combined Disclosure Statement and Plan in accordance with section 1126(g) of the Bankruptcy Code.

26. Accordingly, the Debtors submit they should not be required to transmit Solicitation Packages to Claimholders or Interest Holders in the Non-Voting Classes. Therefore, the Debtors propose to mail or cause to be mailed to Claimholders or Interest Holders in the Non-Voting Classes, at the address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form attached to the Interim Approval and Procedures Order as **Exhibit 4** (the "Notice of Non-Voting Status"). Further, by the Solicitation Deadline (defined below), the Debtors will mail or cause to be mailed to Claimholders in Classes 1 and 2, an opt-out release election form substantially in the form attached as **Exhibit 5** (the "Opt-Out Election Form") to provide an opportunity for such Classes to opt out of the releases set forth in Article X of the Combined Disclosure Statement and Plan.

*(iii)    **Combined Hearing Notice***

27. The Debtors will serve or cause to be served a copy of the Combined Hearing Notice to those entitled to vote, as part of a Solicitation Package (as defined below), no later than three (3) business days after entry of the Interim Approval and Procedures Order, or as soon as reasonably practicable thereafter (the "Solicitation Deadline"), to Claimholders in the Voting Classes.

*(iv)    **Publication Notice***

28. The Debtors additionally propose to publish a notice (the "Publication Notice"), substantially in the form annexed to the Interim Approval and Procedures Order as **Exhibit 6**, in a national newspaper of general circulation no later than seven (7) days after the Solicitation Deadline. The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Interim Approval and Procedures Order, the Voting

Deadline, the Plan Objection Deadline, and the Combined Hearing to parties who did not otherwise receive notice thereof by mail.

**C.    Approval of the Solicitation Packages for Voting Classes**

29.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement:

> After the disclosure statement has been approved, the court must order the debtor in possession, the trustee, the plan proponent, or the clerk to mail the following items to creditors and equity security holders and, in a Chapter 11 case, to send a copy of each to the United States trustee: (i) the court-approved disclosure statement; (ii) the plan or a court-approved summary of it; (iii) a notice of the time to file acceptances and rejections of the plan; and (iv) any other information as the court orders—including any opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> . . .
>
> Notice of the time to file an objection to a plan's confirmation and the date of the hearing on confirmation must be mailed to creditors and equity security holders in accordance with Rule 2002(b).  A ballot that conforms to Form 314 must also be mailed to creditors and equity security holders who are entitled to vote on the plan.  If the court's opinion is not sent (or only a summary of the plan was sent), a party in interest may request a copy of the opinion or plan, which must be provided at the plan proponent's expense.

Fed. R. Bankr. P. 3017(d).

30.    In accordance with Bankruptcy Rule 3017(d), and as set forth above, the Debtors propose that, no later than the Solicitation Deadline, the following materials be mailed by Epiq Corporate Restructuring, LLC (the "Voting Agent") to all Claimholders in the Voting Classes (collectively, the "Solicitation Package"): (a) the Combined Hearing Notice; (b) the Combined Disclosure Statement and Plan; (c) a copy of the Interim Approval and Procedures Order (without **Exhibits 2** through **6**); (d) an appropriate Ballot; and (e) any other materials as the Court may direct.

31. The Debtors request authority to distribute the Combined Disclosure Statement and Plan and the Interim Approval and Procedures Order (with exhibits except for the Tabulation Procedures) to Holders of Claims entitled to vote on the Combined Disclosure Statement and Plan via electronic mail where available or other electronic means (such as a USB drive) to save unnecessary costs. Only the Ballot and the Combined Hearing Notice will be provided in paper format. Given the volume of the Combined Disclosure Statement and Plan and the proposed Interim Approval and Procedures Order, distribution in this manner will translate into significant monetary savings for the Debtors' estates. Copies of the documents provided in the Solicitation Package also may be downloaded and/or viewed free of charge by all parties in interest at the website maintained by the Voting Agent at https://dm.epiq11.com/case/walkeredison/, or by contacting the Voting Agent via email at WalkerEdison@epiqglobal.com.

**D.   Voting Record Date and Voting Deadline.**

32. Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes to confirm a plan, "'creditors' and 'equity security holders' include record holders of stock, bonds, debentures, notes, and other securities on the date the order approving the disclosure statement is entered—or another date the court sets for cause and after notice and a hearing." Fed. R. Bankr. P. 3017(d)(3). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

33. The Debtors respectfully request that the Court establish **November 6, 2025, at 11:59 p.m. (prevailing Eastern Time)** as the Voting Record Date for the purposes of

determining which Claimholders are entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan and **December 10, 2025, at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline (the "Voting Deadline").[6]  Moreover, the Debtors propose that, with respect to any transferred Claim in a Voting Class, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of such Claim *only if* (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

34.    The Debtors request that, after the Debtors distribute Solicitation Packages to Claimholders entitled to vote on the Combined Disclosure Statement and Plan by the Solicitation Deadline, the Court require that all Holders of Claims entitled to vote on the Combined Disclosure Statement and Plan complete, execute, and return their Ballot so that it is **actually received** by the Voting Agent, on or before the Voting Deadline.  Nonetheless, the Debtors request authority to extend the Voting Deadline in their sole discretion and without further order of the Court.

E.    **Procedures for Temporary Allowance of Claims**

35.    The Debtors propose that any Claimholder that seeks temporary allowance of its Claim for voting purposes or to challenge the temporary allowance of its Claim for voting purposes based on the Tabulation Procedures, be required to file a motion pursuant to Bankruptcy

---

[6]  The Debtors request that the Bankruptcy Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Combined Disclosure Statement and Plan.

16

Rule 3018(a)[7] for an order temporarily allowing its Claim or allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **December 3, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "Rule 3018 Motion Deadline"). The Debtors (and, with respect to filing a response, any party in interest) will then (a) have until **December 15, 2025, at 12:00 p.m. (prevailing Eastern Time)** to file and serve any objections to Rule 3018 Motions and (b) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions at or before the Combined Hearing. In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing or by agreement with the Debtors.

## NON-SUBSTANTIVE MODIFICATIONS

36. The Debtors request authorization to make non-substantive changes to the Combined Disclosure Statement and Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballot, Opt-Out Election Form, Publication Notice, Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, changes to reflect ongoing negotiations that do not materially reduce the recoveries to creditors, and to make conforming changes to the Combined Disclosure Statement and Plan, and any other materials in the Solicitation Packages before distribution.

---

[7] Bankruptcy Rule 3018(a) provides that "the court may, after notice and a hearing, temporarily allow a claim or interest in an amount that the court considers proper for voting to accept or reject a plan."

17

**NOTICE**

37. The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the District of Delaware, (b) the Committee, (c) the DIP Lender, and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary under the circumstances.

WHEREFORE, the Debtors respectfully request entry of the Interim Approval and Procedures Order, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated: October 22, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Jonathan M. Weyand*<br>Robert J. Dehney, Sr. (No. 3578)<br>Donna L. Culver (No. 2983)<br>Daniel B. Butz (No. 4227)<br>Scott D. Jones (No. 6672)<br>Jonathan M. Weyand (No. 6959)<br>1201 N. Market Street, 16th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: rdehney@morrisnichols.com<br>    dculver@morrisnichols.com<br>    dbutz@morrisnichols.com<br>    sjones@morrisnichols.com<br>    jweyand@morrisnichols.com<br><br>*Counsel to the Debtors and Debtors in Possession* |